Entered on Docket
October 14, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: October 10, 2014

THOMAS E. CARLSON U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ALBERT MICHAEL HULL,<br><br>        Debtor. | Case No. 13-11310 TC<br>Chapter 7 |
| TIMOTHY W. HOFFMAN, TRUSTEE,<br>        Plaintiff,<br>    vs.<br>ALBERT MICHAEL HULL and<br>STEPHANIE HULL,<br>        Defendants. | Adv. Proc. No. 13-01127 |

**MEMORANDUM RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The court held a hearing on October 7, 2014 regarding Defendants' motion for summary judgment (the Motion). Thomas P. Kelly, III appeared for Defendants. Steven M. Olson appeared for Plaintiff Trustee. Upon due consideration, and for the reasons stated below, the Motion is denied.

Debtor Albert M. Hull and his wife Stephanie A. Hull were married in 1979. They purchased a house in Tampa, Florida in 1989 (the Property). Under Florida Law, they held title as tenants by

MEMORANDUM RE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
-1-

the entirety.  The couple moved to California in 2010.  In June
2012, Albert M. Hull and Stephanie A. Hull executed a quitclaim
deed transferring the Property to "Stephanie A. Hull, a married
woman" (the Transfer).  Stephanie paid $1 in consideration for the
Transfer.  The deed was recorded in August 2012.  At a status
conference in this action, Defendants' counsel stated that the
Property was transferred to Stephanie to facilitate refinancing a
mortgage on the Property.

Albert Hull filed a chapter 7 petition in this court on June 30, 2013.  In his schedules, he listed no interest in the Property.

Stephanie Hull sold the Property in July 2013 and received net proceeds of approximately $273,000.  On September 30, 2013 Trustee brought the current action seeking *inter alia* to avoid the Transfer as a fraudulent conveyance under sections 548 and 544 of the Bankruptcy Code.  On November 5, 2013, this court issued a preliminary injunction prohibiting Stephanie from transferring any of the proceeds of the sale of the Property.

In the current Motion, Defendants seek summary judgment on the basis that property held in tenancy by the entirety is exempt from the claims of Debtor's creditors, and that Trustee therefore cannot avoid a transfer of such property because creditors are not harmed by the transfer.

(1) Defendants' argument fails as a matter of law with respect to Trustee's claim under section 548 of the Bankruptcy Code. Defendants rely upon various out-of-circuit decisions in support of their no-harm-no-foul argument.  *E.g.,* In re Wingate, 377 B.R. 687, 695-96 (Bankr. M.D. Fla. 2006).  The Ninth Circuit has rejected

this argument, and has held that under section 548 a trustee may avoid a transfer of property even if the property could have been exempted by the Debtor had it not been transferred. <u>Fox v. Smoker (In re Noblit)</u>, 72 F.3d 757, 758-59 (9th Cir. 1995); <u>Hasse v. Raindson (In re Pringle)</u>, 495 B.R. 447, 465-66 (9th Cir. BAP 2013); <u>Trujillo v. Grimmett (In re Trujillo)</u>, 215 B.R. 200, 204-05 (9th Cir. BAP 1997). *Accord* <u>Tavenner v. Smoot</u>, 257 F.3d 401, 406-07 (4th Cir. 2001).

 (2) Defendants' argument also fails with respect to Trustee's state-law claims. Property held in tenancy by the entirety may be recovered as a fraudulent transfer under either the California or Florida version of the UFTA to the extent of claims enforceable against both the husband and wife. Cal. Civil Code § 934.01(a)(3); Florida Statutes § 726.102(2)(c). Defendants argued in their reply brief that no such joint debts exist, but it would be improper for this court to grant summary judgment regarding this issue, because it was first raised in Defendants' reply brief.

 (3) The Property is not quasi-community property, because this action is not a proceeding for dissolution of the marriage. <u>Addison v. Addison</u>, 62 Cal.2d 558, 566 (1965).

 (4) Defendants' counsel asserted at oral argument that the Property is still held in tenancy by the entirety, and is therefore exempt from the claims of Debtor's creditors. He argued that a tenancy by the entirety cannot be terminated by the action of one spouse alone. *See* <u>Hunt v. Covington</u>, 145 Fla. 706, 707 (1941). A deed executed by both Albert and Stephanie transferring the Property to Stephanie would destroy the "unities" of ownership that are essential requirements of tenancy by the entirety. <u>Id.</u>

**MEMORANDUM RE DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Defendants' counsel argues that the quitclaim deed did not have that effect, however, because Stephanie signed that deed only as a witness, not as a grantor. This argument is wholly without merit for two reasons.

First, a deed executed by Albert alone conveying the Property to Stephanie would be sufficient to terminate the tenancy by the entirety under Florida law. Id.

Second, an examination of the deed (attached as Exhibit A) indicates that Stephanie signed it as a grantor, not as a witness. The same persons who witnessed the signature of Albert Hull also witnessed the signature of Stephanie Hull, which indicates that both Albert and Stephanie signed the deed as grantors. That Stephanie signed as a grantor is further demonstrated by the fact that she is expressly identified as a grantor in the first paragraph of the deed.

(5) If the Transfer is avoided, the Property would not revert to tenancy by the entirety, but would instead be held by Stephanie and Trustee as tenants in common. Estate of Baumann, 201 Cal.App.3d 927, 936-37 (4th Dist. 1988). Each tenant in common would likely hold a one-half interest. Id.; Sheldon v. Waters, 168 F.2d 483, 486 (5th Cir. 1948).

Defendants have now filed two motions to dismiss and one motion for summary judgment, all of which have been denied. Defendants shall file no further motions to dismiss or for summary judgment without prior leave of this court. A discovery cutoff and trial date have already been set.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM RE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

-4-

THIS IS NOT A CERTIFIED COPY

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

778090063

File No. 01-12075046-01T

This document prepared by:
FRANK P. DEC, ESQ.
8940 MAIN STREET
CLARENCE, NY 14031
716-634-3405

Tax ID No.:
A-03-30-18-3VI-000000-00002.0

## QUIT CLAIM DEED

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

THIS INDENTURE made and entered into on this 19th day of June, 2012, by and between A. MICHAEL HULL AND STEPHANIE A. HULL, HIS WIFE, 3214 BAY VISTA AVENUE WEST, TAMPA, FL 33611, hereinafter referred to as Grantor(s) and STEPHANIE A. HULL, A MARRIED WOMAN, 3214 BAY VISTA AVENUE WEST, TAMPA, FL 33611, hereinafter referred to as Grantee(s).

WITNESSETH: That the said Grantors, for and in consideration of the sum of ONE and NO/100 ($1.00) DOLLAR, cash in hand paid and other good and valuable consideration, the receipt of which is hereby acknowledged, have this day remise, release, quitclaim, grant, sell, and convey to the said Grantee following described real estate located in HILLSBOROUGH County, FLORIDA:

SEE ATTACHED EXHIBIT "A"

Also known as: 3214 BAY VISTA AVENUE WEST, TAMPA, FL 33611
Property Tax ID No.: A-03-30-18-3VI-000000-00002.0
SUBJECT TO EASEMENTS AND RESTRICTIONS OF RECORD.

Prior instrument reference: BOOK: 5848, PAGE 1756, Recorded: 12/06/1989

TO HAVE AND TO HOLD the lot or parcel above described together with all and singular the rights, privileges, tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining unto the said Grantee and unto Grantee's heirs, administrators, successors or assigns, forever in FEE SIMPLE.

And that said conveyance does not render the grantor insolvent nor is it for the purpose of defrauding any of grantor's creditors.

THIS IS NOT A CERTIFIED COPY

Assessor's parcel No. A-03-30-18-3VI-000000-00002.0

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals on this the day and year first above written.

_____
A. MICHAEL HULL

WITNESSES:

_____
NAME:

_____
NAME:

_____
STEPHANIE A. HULL

WITNESSES:

_____
NAME:

_____
NAME:

STATE OF California
COUNTY OF Santa Clara

The foregoing instrument was acknowledged by me this 19th day of June, 2012 by: A. Michael Hull who is/are personally known by me or who has/have produced: CA Driver's license as identification and who did not take an oath.

See attached loose certificate (SEAL)
Notary Public
State of California
My Commission Expires: July 3, 2015

STATE OF California
COUNTY OF Santa Clara

The foregoing instrument was acknowledged by me this 19th day of June, 2012 by: Stephanie A. Hull who is/are personally known by me or who has/have produced: CA Driver's license as identification and who did not take an oath.

See attached loose certificate (SEAL)
Notary Public
State of California
My Commission Expires: July 3, 2015

THIS IS NOT A CERTIFIED COPY

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of  California

County of  Santa Clara

On  June 19, 2012  before me, Dawn D. Thorburn, Notary Public
     DATE                                          NAME, TITLE OF OFFICER

personally appeared  A. Michael Hull
                                          NAME(S) OF SIGNER(S)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Dawn D. Thor------
SIGNATURE OF NOTARY

DAWN D. THORBURN
Commission # 1939913
Notary Public - California
Santa Clara County
My Comm. Expires Jul 3, 2015

This area for notarial seal

## OPTIONAL

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

| CAPACITY CLAIMED BY SIGNED | DESCRIPTION OF ATTACHED DOCUMENT |
|---|---|
| ☐ INDIVIDUAL<br>☐ CORPORATE OFFICER<br>_____<br>TITLE(S)<br>☐ PARTNER(S)  ☐ LIMITED<br>                       ☐ GENERAL<br>☐ ATTORNEY-IN-FACT<br>☐ TRUSTEE(S)<br>☐ GUARDIAN/CONSERVATOR<br>☐ OTHER: _____ | Quit Claim Deed<br>TITLE OR TYPE OF DOCUMENT<br><br>2<br>NUMBER OF PAGES<br><br>June 19, 2012<br>DATE OF DOCUMENT<br><br>_____<br>SIGNER(S) OTHER THAN NAMED ABOVE |

SIGNER IS REPRESENTING:

THIS IS NOT A CERTIFIED COPY

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of  California

County of  Santa Clara

On June 19, 2012 before me, Dawn D. Thorburn, Notary Public
    DATE                                        NAME, TITLE OF OFFICER*

personally appeared  Stephanie A. Hull
                     NAME(S) OF SIGNER(S)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Dawn D. Thorburn
SIGNATURE OF NOTARY

DAWN D. THORBURN
Commission # 1939913
Notary Public - California
Santa Clara County
My Comm. Expires Jul 3, 2015

This area for notarial seal

### OPTIONAL

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

| CAPACITY CLAIMED BY SIGNED | DESCRIPTION OF ATTACHED DOCUMENT |
|---|---|
| ☐ INDIVIDUAL | Quit Claim Deed |
| ☐ CORPORATE OFFICER | TITLE OR TYPE OF DOCUMENT |
| TITLE(S) | |
| ☐ PARTNER(S)  ☐ LIMITED  ☐ GENERAL | 2 |
| | NUMBER OF PAGES |
| ☐ ATTORNEY-IN-FACT | June 19, 2012 |
| ☐ TRUSTEE(S) | DATE OF DOCUMENT |
| ☐ GUARDIAN/CONSERVATOR | |
| ☐ OTHER: _____ | |
| | SIGNER(S) OTHER THAN NAMED ABOVE |
| SIGNER IS REPRESENTING: | |